UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTONIO BETHEA,

                Plaintiff,                  **REPORT AND RECOMMENDATION**
                                                        **17 CV 4828 (AMD)(LB)**

  -against-

THE CITY OF NEW YORK, NYC DEPARTMENT
OF CORRECTIONS AGENCY, COMMISSIONER
JOSEPH PONTE, WARDEN ROBIN BEAULIEU,
CAPTAIN YOLONDA RICHARDSON, *Shield # 1671*,
BUREAU CHIEF YOLANDA CANTY, ASSISTANT
DEPUTY YASMEEN PEOPLES, *Shield # 186*,
ASSISTANT DEPUTY WARDEN JOSEPH GRIMA,
*Shield # 204*, ASSISTANT DEPUTY WARDEN
BARBARA GRIFFITHS, *Shield # 112*, ASSISTANT
DEPUTY WARDEN WANDA BLAIR, *Shield # 15*,
ASSISTANT DEPUTY WARDEN MONTANA,
*Shield # 136*, and ASSISTANT DEPUTY WARDEN
DOE,

                Defendants.
------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        Plaintiff brings this *pro se* action alleging that his civil rights were violated pursuant to 42 U.S.C. § 1983. Am. Compl., ECF No. 41. For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

BACKGROUND

        Plaintiff commenced this *pro se* action alleging that defendants violated his civil rights during plaintiff's detention at Brooklyn Detention Complex ("BDC"). ECF No. 1. Plaintiff's motion to proceed *in forma pauperis* was granted on October 18, 2017. ECF No. 2. According to plaintiff, on March 21, 2017, he and other pretrial detainees on cell block 9-B of BDC were placed in punitive segregation for six days. He alleges that he "did not break any rules to deserve the

punishment," but was nonetheless denied "a shower and care for hygiene," one hour of recreation, telephone calls, legal and personal mail, access to the law library, sick call, medical, personal, or legal visits. ECF No. 1 at 5. Plaintiff alleges that, as a result of this punitive segregation, he suffered "emotional and mental anguish" and was "so afraid that [he] couldn't stop crying not knowing what was going to happen [ ] next." (ECF No. 1 at 6.)

On October 18, 2017, plaintiff's claims against the Department of Corrections, New York City, Mayor William DeBlasio, Commissioner Joseph Ponte, and BDC Warden Robin Beaulieu were dismissed. Plaintiff's claims against Captain Tamara Richardson were permitted to proceed. ECF No. 4.

The Court held the initial conference in this action on March 1, 2018. Plaintiff then amended his complaint on January 22, 2019 and updated his address with the Court on March 4, 2019. Defendants answered plaintiff's amended complaint on July 29, 2019 and the Court scheduled a conference for August 15, 2019. ECF No. 64. Plaintiff failed to appear for the conference. Defendants' counsel stated on the record that she mailed plaintiff her notice of appearance and it was returned as undeliverable. The Court's Order scheduling the conference was also returned as undeliverable. ECF No. 75. The Court directed plaintiff to provide his current address and phone number by September 16, 2019. The Court's Order expressly warned plaintiff that if he failed to provide his current address, I would recommend that this case should be dismissed as the Court would have no way to contact plaintiff. Id.[1] The Court's Order was returned as undeliverable. ECF No. 74. To date, plaintiff has not contacted the Court and has failed to respond to the Court's August 15, 2019 Order, ECF No. 68.

---

[1] The Clerk of Court mailed the Order to plaintiff's most recent addresses: 2960 Frederick Douglass Blvd., New York, NY 10039. See ECF Nos. 68.

## DISCUSSION

Rule 41(b) authorizes the district court to dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) [] gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.") (citation omitted).

This case cannot proceed without plaintiff's current contact information. See Edwards v. Stevens, No. 11 Civ. 7329 (PKC) (JLC), 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012) ("[T]he demand that [a] plaintiff[] provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.") (internal quotation marks and citations omitted).[2] Indeed, because an action cannot proceed without the Court knowing plaintiff's current address, courts have repeatedly held that a plaintiff's failure to maintain a current address with the Court is a sufficient ground to dismiss a case without prejudice for failure to prosecute. See, e.g., Pratt v. Behari, No. 11 Civ. 6167, 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012); Torres v. Yonkers Police Dept., No. 11 Civ. 1819 (LTS) (GWG), 2011 WL 2555854, at *2 (S.D.N.Y. June 28, 2011) ("[B]ecause dismissal with prejudice is a harsh remedy to be utilized only in extreme situations, dismissal of the complaint should be without prejudice.") (internal quotation marks and citations omitted) (collecting cases).

This is plaintiff's case to vindicate his rights, and it is plaintiff's obligation to notify the Court regarding his current contact information. Yet, plaintiff has not contacted the Court since March 4, 2019, at which time he notified the Court that he had changed his address. See ECF No.

---

[2] All plaintiffs, whether represented or proceeding *pro se*, are "obligated to notify the court when [they] change[] addresses." Canario-Duran v. Borecky, No. 10-CV-1736 (DLI) (LB), 2011 WL 176745, at *1 (E.D.N.Y. Jan. 19, 2011) (citing Concepcion v. Ross, No. 92-CV-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997)).

47. Moreover, plaintiff has failed to respond to the Court's Order, ECF No. 68, to provide the Court with his correct mailing address and phone number. Plaintiff has made no effort to prosecute this case and has apparently abandoned the action. It would be futile to allow the case to continue. I therefore recommend that plaintiff's action should be dismissed without prejudice.[3]

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital

---

[3] The Court notes that under LeSane, "a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard…and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." LeSane, 239 F.3d at 209 (internal quotation marks and citations omitted). The District Court need only provide an explanation for the dismissal rather than discuss all of the LeSane factors. See Edwards, 2012 WL 3597663, at *2 (citing Torres, 2011 WL 2555854, at *2) ("While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal.") (internal citations omitted)). Here, plaintiff has not contacted the Court since March 4, 2019 when plaintiff updated his address with the Court. ECF No. 44. Plaintiff was on notice that he must provide the Court with his current contact information and he had previously updated his address with the Court. See ECF Nos. 12, 47. (informing the Court of plaintiff's change of address). Furthermore, my Order explicitly warned plaintiff that, "if plaintiff fails report his change of address to the Court, I shall recommend that the case should be dismissed as the Court will have no way to contact plaintiff." ECF No. 68. As plaintiff has apparently abandoned the case, dismissal is appropriate.

Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140, 152 (1985).

SO ORDERED.

                                                          /S/  
                                        LOIS BLOOM  
                                        United States Magistrate Judge

Dated: August 21, 2020  
       Brooklyn, New York